# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **JOSE NAVARRO** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 4:20-CV-00693** |
| | § | |
| **BERKLEY SOUTHEAST INSURANCE** | § | |
| **GROUP** | § | |

**DEFENDANT'S NOTICE OF REMOVAL**
**EXHIBIT C: COPIES OF PLEADINGS ASSERTING**
**CAUSES OF ACTION AND ALL ANSWERS TO SUCH PLEADINGS**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

COMES NOW, Continental Western Insurance Company (improperly sued herein as Berkley Southeast Insurance Group), the defendant in the above entitled and numbered cause, and files copies of all pleadings asserting causes of action and all answers to such pleadings as required by Local Rule 81.2.

# JOHN K. ZAID & ASSOCIATES

### P E R S O N A L   I N J U R Y   L A W   F I R M

**JOHN K. ZAID**
**john@zaidlaw.com**

**JOE I. ZAID**
**joe@zaidlaw.com**

## FAX TRANSMITTAL SHEET

**TO**: Berkley Southeast Insurance Group
ATTENTION: Claim # 16PC7592

**FAX**: (866) 814-7532

**FROM**: John K. Zaid

**DATE**: December 27, 2019

**SUBJECT**: Courtesy Copy of Plaintiff's Original Petition
Cause No. 19-003584-CV-361
Navarro v. Berkley Southeast Insurance Group

**NUMBER OF PAGES, INCLUDING THIS COVER SHEET: 38**

**SHOULD YOU EXPERIENCE DIFFICULTY IN RECEIVING THIS FAX, PLEASE NOTIFY US AS SOON AS POSSIBLE.**

This facsimile message is privileged and confidential communication and is transmitted for the exclusive information and use of the addressee. Persons responsible for delivering this communication to the intended recipient are admonished that this communication may not be copied or disseminated except as directed by the addressee. If you receive this communication in error, please notify us immediately by telephone and mail the communication to us at our letterhead address.

16951 Feather Craft Ln · Houston, Texas 77058 · (281) 333-8959 · Fax: (888) 734-1236
**www.zaidlaw.com**

Received & Filed 12/27/2019 5:03 PM
Gabriel Garcia, District Clerk
Brazos County, Texas
Samantha McQueen
Envelope# - 39527549

19-003584-CV-361

CAUSE NO. _____

| | | |
|---|---|---|
| **JOSE NAVARRO** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| | § | |
| **v.** | § | **OF BRAZOS COUNTY, TEXAS** |
| | § | |
| | § | |
| **BERKLEY SOUTHEAST** | § | |
| **INSURANCE GROUP** | § | |
| *Defendant.* | § | **_____ TH JUDICIAL DISTRICT** |

## PLAINTIFF'S ORIGINAL PETITION; REQUESTS FOR DISCLOSURE; FIRST REQUEST FOR PRODUCTION; FIRST SET OF INTERROGATORIES

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JOSE NAVARRO, Plaintiff in the above-numbered and entitled cause of action (hereinafter referred to as "Plaintiff"), files this Plaintiff's Original Petition complaining of Defendant, BERKLEY SOUTHEAST INSURANCE GROUP, and would respectfully show unto the Court as follows:

### DISCOVERY LEVEL

1.     Plaintiff intends to conduct discovery pursuant to Rule 190 of the Texas Rules of Civil Procedure, Level Two (2).

### PARTIES

2.     Plaintiff is and at all times relevant to this cause of action a resident of Montgomery County, Texas.

3.     Defendant BERKLEY SOUTHEAST INSURANCE GROUP, is an insurance company licensed to do business in the State of Texas, and may be served with process by serving

its agent for service, Meyer & Rosenbaum at 2405 8TH St., Meridian, MS 39301. A citation is requested at this time.

## JURISDICTION AND VENUE

4.  This Court has jurisdiction over the parties and the subject matter of this action as Plaintiff seeks damages in an amount within the jurisdictional limits of this Court.

5.  Venue is proper in Brazos County, Texas, pursuant to TEX. CIV. PRAC. & REM. CODE § 15.001, *et. seq.*, and § 15.032 as all or a substantial part of the events or omissions giving rise to the claim that is the basis of this suit occurred in Brazos County, Texas.

## BACKGROUND FACTS

6.  Plaintiff was driving a vehicle that had an automobile insurance policy with Defendant BERKLEY SOUTHEAST INSURANCE GROUP, policy number 4269989 (the "Policy"). Plaintiff is a permissive user under the policy. The policy includes Uninsured/Underinsured Motorist coverage. On March 28, 2018, Plaintiff was involved in an automobile collision. Plaintiff submitted a UM claim to Defendant BERKLEY SOUTHEAST INSURANCE GROUP, but said claim has yet to be reasonably compensated.

7.  At the time of this collision, Plaintiff's vehicle was insured by Defendant BERKLEY SOUTHEAST INSURANCE GROUP under the insurance policy for Environmental Lighting Service, LLC that provided uninsured/underinsured motorist coverage and benefits to Plaintiff. As part of the Policy, Plaintiff was insured against damages caused by an uninsured motorist at the time of the collision made the basis of this lawsuit. Plaintiff was entitled to coverage under the policy and all attendant rights and benefits that this coverage provides.

8.  This suit has become necessary because of the various acts and omissions of Defendant BERKLEY SOUTHEAST INSURANCE GROUP, which constitutes a breach of an

insurance contract and violation of various common law and statutory duties Defendant BERKLEY SOUTHEAST INSURANCE GROUP owes Plaintiff under the terms of the Policy and pursuant to Texas law.

9.      Plaintiff submitted a timely and proper claim to Defendant BERKLEY SOUTHEAST INSURANCE GROUP for payment of uninsured motorist benefits pursuant to the Policy that Plaintiff purchased from Defendant BERKLEY SOUTHEAST INSURANCE GROUP. At all relevant times, the policy was active and Plaintiff had timely paid all applicable premiums and payments owed to Defendant BERKLEY SOUTHEAST INSURANCE GROUP. Unfortunately for Plaintiff, Defendant BERKLEY SOUTHEAST INSURANCE GROUP has blatantly failed to adhere to the terms and conditions of the Policy, and has failed to fully compensate Uninsured Motorist benefits after being presented with the complete documentation by BERKLEY SOUTHEAST INSURANCE GROUP.

10.     As a proximate result of Defendant BERKLEY SOUTHEAST INSURANCE GROUP's conduct, Plaintiff has incurred and will continue to incur, in all reasonable probability, attorney's fees and actual damages, including mental anguish damages suffered by Plaintiff.

## CAUSE OF ACTION NO. 1 – BREACH OF CONTRACT

11.     Plaintiff brings this suit against Defendant BERKLEY SOUTHEAST INSURANCE GROUP because:

- a)   It entered into a valid contract with Plaintiff;
- b)   Plaintiff has at all times performed or tendered performance under the terms of the contract;
- c)   Defendant has breached the terms of the contract; and
- d)   Plaintiff has sustained actual damages as a result of Defendant's breach.

12. Furthermore, Plaintiff timely and properly notified Defendant of the collision and Defendant is in possession of Plaintiff's medical bills, records, and other pertinent information. Plaintiff has fully complied with all the conditions precedent if the above-mentioned insurance policy. All conditions precedent have been performed, have occurred, or alternatively Plaintiff was relieved of any obligation to perform them as a result of Defendant's conduct and breach of the contractual agreement. Nevertheless, Defendant has failed and refused, and still fails and refuses, to pay all of the benefits due under this Policy, as it is contractually required to do. Defendant has breached the insurance contract.

## CAUSE OF ACTION NO. 2 – VIOLATIONS OF THE TEXAS INSURANCE CODE

13. Defendant is a "person" under the Texas Insurance Code. See Tex. Ins. Code Ann. § 541.002.

14. In Texas, "[a] person may not engage in this state in a trade practice that is defined in this chapter as or determined under this chapter to be an unfair method of competition or an unfair or deceptive act or practice in the business of insurance." Tex. Ins. Code Ann. § 541.003.

15. Defendant engaged in unfair or deceptive acts or practices prohibited in Chapter 541 of the Texas Insurance Code by making a statement misrepresenting the terms of the policy and the benefits or advantages promised by the policy.

16. Defendant engaged in unfair or deceptive acts or practices prohibited in Chapter 541 of the Texas Insurance Code by engaging in the following unfair settlement practices with respect to Plaintiff's claim by:

> a. Misrepresenting a material fact or policy provision relating to the coverage at issue;

      b.    Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim with respect to which Defendant's liability has become reasonably clear; and

      c.    Refusing to pay a claim without conduction a reasonable investigation with respect to the claim.

17.    Defendant engaged in unfair or deceptive acts or practices prohibited by Chapter 541 of the Texas Insurance Code when they misrepresented an insurance policy by:

      a.    Making an untrue statement of material fact;

      b.    Failing to state a material fact necessary to make other statements made not misleading, considering the circumstances under which the statements were made;

      c.    Making a statement in a manner that would mislead a reasonably prudent person to a false conclusion of a material fact;

      d.    Making a material misstatement of law; and

      e.    Failing to disclose a matter required by law to be disclosed, including failing to make a disclosure in accordance with another provision of this code.

18.    Defendant engaged in unfair or deceptive acts prohibited in Chapter 542 of the Texas Insurance Code by;

      a.    Knowingly misrepresenting to Plaintiff pertinent facts or policy provisions relating to coverage at issue;

      b.    Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurer's policies;

    c.    Not attempting in good faith to effect a prompt, fair, and equitable settlement of a claim submitted in which liability has become reasonably clear;

    d.    Compelling a policyholder to institute a suit to recover an amount due under a policy by offering substantially less than the amount ultimately recovered in a suit brought by the policyholder;

    e.    Failing to timely pay Plaintiff's claims;

    f.    Unreasonably delaying payments of Plaintiff's claims; and

    g.    Violating the Texas Deceptive Trade Practices Act

19.    The Texas Insurance Code allows for a consumer to bring a private action for damages against his or her insurer and the insurance adjuster. Texas Ins. Code § 541.151, *et. seq.*

20.    As a result of Defendant's violation of the Texas Insurance Code, Plaintiff suffered actual damages in excess of the Policy limits, and is entitled to additional damages as allowed by Tex. Ins. Code § 541.152 and 542.060.

## CAUSE OF ACTION NO. 3 – VIOLATIONS OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA")

21.    Plaintiff is entitled to seek relief under the DTPA because Plaintiff is a consumer. Tex. Bus. & Com. Code § 17.45(4).

22.    Defendant engaged in false, misleading, or deceptive acts or practices that violate the DTPA by:

    a.    Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have;

    b.    Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another;

    c.    Advertising goods or services with intent not to sell them as advertised;

    d.   Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law;

    e.   Failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

23.    As a producing cause of Defendant's violations of the DTPA, Plaintiff suffered actual damages in excess of the Policy limits, and is also entitled to additional damages, including mental anguish, as allowed by Tex. Bus. & Com. Code § 17.50 because Defendant violated the DTPA knowingly and/or intentionally.

## CAUSE OF ACTION NO. 4 – BREACH OF THE DUTY OF GOOD FAITH & FAIR DEALING

24.    Defendant owes Plaintiff a duty of good faith and fair dealing.

25.    Defendant breached its duty of good faith and fair dealings by committing all of the acts described above that were also violations of the Texas Insurance Code and DTPA.

26.    As a proximate result of Defendant's breach of the duty of good faith and fair dealing, Plaintiff suffered actual damages in excess of the Policy limits and is entitled to exemplary damages as Defendant acted with malice. Defendant acted with malice by purposely delaying and denying payment with no or inadequate reason to do so knowing that Plaintiff needed the money for medical costs.

## PETITION FOR DECLARATORY JUDGMENT

27.    Plaintiff asserts Plaintiff's claim under Texas Civil Practice and Remedies Code § 37.001, *et seq.* to have Plaintiff's rights, status, and other legal relationships under the Policy established by a court of competent jurisdiction. Plaintiff seeks a declaration from the Court that:

      a.   Plaintiff's claims for uninsured motorist benefits the Policy as a result of a motor vehicle collision which occurred on or about March 28, 2018 are covered under the Policy;

      b.   The negligence of the uninsured driver was the proximate cause of the Plaintiff's injuries and damages;

      c.   Plaintiff also seeks a declaration determining the amount of Uninsured/Underinsured Motorist benefits under the Policy which Plaintiff is entitled to recover from Defendant, after all applicable set-offs and credits, for each of the following elements of damages covered under the Policy on Plaintiff's Uninsured motorist claim arising under the Policy.

            i.   Reasonable and necessary medical treatment in the past;

           ii.   Reasonable and necessary medical treatment in the future;

          iii.   Loss of earnings in the past;

          iv.   Loss of earning capacity in the future;

          v.   Physical pain and mental anguish in the past;

          vi.   Physical pain and mental anguish in the future;

          vii.   Physical impairment in the past;

         viii.   Physical impairment in the future;

          ix.   Disfigurement in the past; and

     x.  Disfigurement in the future.

  28.  Plaintiff seeks all equitable and just, reasonable and necessary attorney's fees which were incurred or which may be incurred in this matter including all such fees and expenses:

    a.  For preparation and trial;

    b.  For an appeal to the Court of Appeals;

    c.  For making or responding to an application for writ of error to the Supreme Court of Texas; and

    d.  If application for writ of error is granted by the Supreme Court of Texas.

## ACTUAL DAMAGES

  29.  As a direct and proximate result of the conduct and/or omission on the part of the Defendant, Plaintiff is entitled to recover at least the following legal damages;

    1)  Physical and mental pain and anguish;

    2)  Loss of wages and loss of wage earning capacity;

    3)  Physical impairment;

    4)  Disfigurement; and

    5)  Medical expenses.

Based upon the foregoing, Plaintiff has incurred damages in an amount in excess of minimum jurisdictional limits of this Court. Plaintiff has suffered damages from Defendant's wrongful conduct described herein. As discussed herein in this Petition, Plaintiff has suffered not only easily quantifiable economic damages, but also other forms of damages such as mental anguish and pain and suffering and will likely continue to suffer these damages in the future. Both the CONSTITUTION OF THE UNITED STATES and the CONSTITUTION OF THE STATE OF TEXAS provide Plaintiff with the inalienable, fundamental right to have Plaintiff's case heard and

decided by a jury of Plaintiff's peers at trial. In accordance with these fundamental rights, it will ultimately be the responsibility and province of a jury of Plaintiff's peers to decide the economic value of the damages Plaintiff suffered as a result of the Defendant's wrongful actions and omissions described hereinabove which form the basis of this lawsuit. However, as Plaintiff is required by law to state the maximum amount of damages that Plaintiff is seeking, Plaintiff believes that, when the totality of Plaintiff's damages are considered, along with the wrongful nature of Defendant's conduct, it is possible that a jury may ultimately decide that Plaintiff's damages exceed two hundred thousand dollars but it is unlikely that a jury would decide that Plaintiff's damages exceed one million dollars. Plaintiff therefore sues for a sum in excess of the jurisdictional limits of the Court to be determined by the jury in its sole discretion.

## EXEMPLARY DAMAGES

30. Plaintiff seeks exemplary damages against Defendant's breach of the duty if good faith and fair dealing. Plaintiff further seeks additional damages for Defendant's knowing and/or intentional violations of the DTPA and Texas Insurance Code.

## ATTORNEY'S FEES

31. Plaintiff seeks his reasonable attorney's fees for trial, before the Court of Appeals, and before the Texas Supreme Court.

32. Plaintiff retained the undersigned attorney to represent Plaintiff to recover monies owed by Defendant.

33. Plaintiff provided Defendant with proper notice or the providing of notice was excused or not required.

34.     Pursuant to Tex. Civ. Prac. & Rem. Code § 38.001, *et. seq.*, Tex. Ins. Code 541.152, and Tex. Civ. Prac. & Rem. Code § 17.50(d), Plaintiff seeks, and is entitled to recover, Plaintiff's attorney's fees, costs, and expenses.

## JURY DEMAND

35.     Pursuant to Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff demands trial by jury and tenders the jury fee along with this filing.

## RULE 193.7 NOTICE

36.     You are hereby given notice pursuant to TEXAS RULES OF CIVIL PROCEDURE 193.7 of Plaintiff's intent to offer any and all documents produced by Defendant in response to any discovery request as evidence in any pretrial proceeding or at trial.

## REQUEST FOR DISCLOSURE TO DEFENDANT BERKLEY SOUTHEAST INSURANCE GROUP

37.     Pursuant to Rule 194 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff hereby respectfully requests that Defendant respond to the items in Rule 194.2(a)-(1) no later than fifty-one days from the service of this lawsuit.

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION

38.     Pursuant to Rule 196 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff hereby respectfully serves upon Defendant, Plaintiff's First Request for Production attached hereto as Exhibit A, with Defendant's answers, responses, and/or objections thereto due fifty-one (51) days from the service of this lawsuit. The documents and tangible things requested should be produced by Defendant at the offices of Plaintiff's counsel, John K. Zaid & Associates, 16951 Feather Craft Lane, Houston, Texas 77058.

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

39.     Pursuant to Rule 197 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff hereby respectfully serves upon Defendant, Plaintiff's First Request for Production attached hereto as Exhibit B, with Defendant's answers, responses, and/or objections thereto due fifty-one (51) days from the service of this lawsuit. Defendant's answers, responses, and/or objections may be used as evidence at the trial of this lawsuit. Defendant's answers, responses, and/or objections should be served by Defendant to the offices of Plaintiff's counsel, John K. Zaid & Associates, 16951 Feather Craft Lane, Houston, Texas 77058.

## PLAINTIFF'S FIRST REQUEST FOR ADMISSION

40.     Pursuant to Rule 197 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff hereby respectfully serves upon Defendant, Plaintiff's First Request for Admission attached hereto as Exhibit C, with Defendant's answers, responses, and/or objections thereto due fifty-one (51) days from the service of this lawsuit. Defendant's answers, responses, and/or objections may be used as evidence at the trial of this lawsuit. Defendant's answers, responses, and/or objections should be served by Defendant to the offices of Plaintiff's counsel, John K. Zaid & Associates, 16951 Feather Craft Lane, Houston, Texas 77058.

## PRAYER

*WHEREFORE, PREMISES CONSIDERED*, Plaintiff hereby respectfully requests and prays that Defendant be cited to appear and answer herein, and that, on final trial to a jury of their peers, Plaintiff has judgment entered in favor of Plaintiff and against Defendant for:

a.      Damages in an amount in excess of the jurisdictional limits of the Court to be determined by the jury in its sole discretion;

b.      Pre-judgment interest at the highest rate allowed by law;

c.   Post-judgment interest at the highest rate allowed by law;

d.   Costs and expenses of Court;

e.   Reasonable and necessary attorney's fees accrued in the prosecution of this lawsuit, together with conditional awards in the event of an appeal;

f.   Any and all exemplary and punitive damages to which Plaintiff is entitled for Defendant's violations of the Texas Insurance Code and the duty of good faith and fair dealing set out above as well as any and all other exemplary or punitive damages to which Plaintiff may be entitled; and

g.   Any and all such other and further relief, both general and special, legal, and equitable, to which Plaintiff may be justly entitled.

Respectfully submitted,

**JOHN K. ZAID & ASSOCIATES**

By: _____

   **JOHN K. ZAID**
   State Bar No. 24037764
   **JOE I. ZAID**
   State Bar No. 24085675
   **RYAN E. BILL**
   State Bar No. 24087038
   16951 Feather Craft Lane
   Houston, Texas 77058
   Telephone: (281) 333-8959
   Facsimile:  (888) 734-1236
   E-service email: service@jkz.legal

**ATTORNEYS FOR PLAINTIFF**

# EXHIBIT A

## PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION TO DEFENDANT

**REQUEST NO. 1:** True and correct copies of any and all policies of insurance that you contend, or that could potentially, cover the incident made the basis of this lawsuit, including, but not limited to, general liability coverage (s), and excess coverage (s), which were in effect on the date of the incident made the basis of this lawsuit, including, without limitation, the entire Allstate insurance policy covering Plaintiff (including, but not limited to, all endorsements, riders, exclusions, coverage sheets, and declaration pages).

**RESPONSE:**

**REQUEST NO. 2:** True and correct copies of any and all non-privileged portions of the insurance claims file prepared prior to the date on which you contend you reasonably anticipated litigation on the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 3:** True and correct copies of any and all documents which you contend support or evidence your contention that you reasonably anticipated litigation on the incident made the basis of this lawsuit

**RESPONSE:**

**REQUEST NO. 4:** True and correct copies of any and all documents which support or evidence your contention that:

a) The Insurance Policy was not in effect at the time of the incident made the basis of this lawsuit;

b) The Insurance Policy had been cancelled for any reason at the time of the incident made the basis of this lawsuit; or

c) Plaintiff has not complied with any provision or part of the Insurance Policy in making the claims resulting from the incident made the basis of this lawsuit; or

d) There is no coverage for any part or all of Plaintiff's claims against you.

**RESPONSE:**

**REQUEST NO. 5:** True and correct copies of any and all incident reports (including, but not limited to any and all final and/or draft root cause analyses and/or reports) made by, or for, you, including by any agents, representatives, or employees of you, concerning the incident made the basis of this lawsuit, including, but not limited to, such documents which identify the members or participants involved therein.

**RESPONSE:**

**REQUEST NO. 6:** True and correct copies of any and all incident reports (including, but not limited to any and all final and/or draft root cause analyses and/or reports) made by, or for, your insurance carrier or anyone else concerning the incident made the basis of this lawsuit, relating to the incident made the basis of this lawsuit, including, but not limited to, such documents which identify the members or participants involved herein.

**RESPONSE:**

**REQUEST NO. 7:** True and correct copies of any and all incident reports made by any police department or agency, your insurance carrier, or anyone else, including, but not limited to, your agents, representatives, or employees, concerning the incident made the basis of this lawsuit, which include, without limitation, 911 tapes and/or transcripts regarding the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 8:** True and correct copies of any and all documents which evidence the date and the amounts paid by you in this claim or any part of this claim resulting from the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 9:** True and correct copies of any and all documents, including, but not limited to, photographs, videotapes, films, or other graphic images of Plaintiff (including, but not limited to, surveillance photographs, videotapes, films, or other graphic images of Plaintiff); the scene of the incident made the basis of this lawsuit; or any vehicle involved in the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 10:** True and correct copies of any and all documents in your possession, care, and custody, or control, including actual and constructive control, which mention, discuss, or otherwise relate or refer to Plaintiff, this lawsuit, or the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 11:** True and correct copies of any and all documents which evidence, mention, discuss, or otherwise relate or refer to the conviction of any party, witness, or potential witness of a felony or crime of moral turpitude to rule 609 of the Texas Rules of Evidence.

**RESPONSE:**

**REQUEST NO. 12:** True and correct copies of any and all documents, depositions, affidavits, expert disclosures, verdict search reports, or other material that can and/or may be used to impeach Plaintiff, Plaintiff's expert witnesses, and/or Plaintiff's treating physicians.

**RESPONSE:**

**REQUEST NO. 13:** True and correct copies of any and all documents which evidence, mention, discuss, or otherwise relate or refer to any cost of repair of any vehicle involved in the incident made the basis of this lawsuit, including, but not limited to, any repair estimates or repair invoices.

**RESPONSE:**

**REQUEST NO. 14:** True and correct copies of any and all correspondence or communications between you and your insurance carrier and Plaintiff or any representative of Plaintiff, regardless of who generated such correspondence or communication.

**RESPONSE:**

**REQUEST NO 15:** True and correct copies of any and all correspondence or communications between: you and your insurance carrier and any third parties, including, but not limited to, any person or representative of any person making a claim against you as a result of the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 16:** True and correct copies of any and all settlement agreements with any person making a claim against you as a result of the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 17:** True and correct copies of any and all documents which evidence, mention, discuss, or otherwise relate or refer to the medial records and/or medical bills, including, but not limited to, any and all medical or billing records from any of Plaintiff's healthcare providers, which mention or refer to Plaintiff and/or any injury or physical or psychological complaint made by Plaintiff at any time before or after the incident made the basis of this lawsuit, which is in the possession, care, custody, or control, including actual and constructive control, of you, your counsel, or your insurance carrier.

**RESPONSE:**

**REQUEST NO. 18:** Any and all documents and things identified, described, or referred to in your Texas Rule of Civil Procedure 194 disclosures.

**RESPONSE:**

**REQUEST NO. 19:** Any and all communications between you and any third party (including, without limitation, your insurance company or provider) which discuss, refer, or relate to this lawsuit.

**RESPONSE:**

**REQUEST NO. 20:** Any and all communications between you and any third party (including, without limitation, your insurance company or provider) which discuss, refer, or relate to Plaintiff.

**RESPONSE:**

**REQUEST NO. 21:** Any and all communications between you and any third party (including without limitation, your insurance company or provider) which discuss, refer, or relate to coverage for Plaintiff's injuries and/or the damages arising from the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 22:** Any and all communications between you and any person which discuss, refer, or relate to this lawsuit.

**RESPONSE:**

**REQUEST NO. 23:** Any and all communications between you and any person which discuss, refer, or relate to Plaintiff.

**RESPONSE:**

**REQUEST NO. 24:** Any and all communications between you and any person which discuss, refer, or relate to Plaintiff's injuries and/or the damages arising from the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 25:** Any and all documents and things reviewed by any person you expect to call as a fact witness at any hearing or trial in this lawsuit, or by any person from whom you expect to provide a declaration.

**RESPONSE:**

**REQUEST NO. 26:** Any and all documents and things relied upon by any experts in formulating opinions that will be presented in reports, declarations, trial, or deposition testimony in this lawsuit.

**RESPONSE:**

**REQUEST NO. 27:** Any and all documents and things of which identification is requested in any Interrogatory served by you.

**RESPONSE:**

**REQUEST NO. 28:** Any and all documents and things on which you intend to rely at trial or which you intend to submit to the Court in support of any pleadings filed in this lawsuit.

**RESPONSE:**

**REQUEST NO. 29:** Any and all documents and things relating to your answer or counterclaims, including as amended and/or supplemented.

**RESPONSE:**

**REQUEST NO. 30:** Any and all documents and things supporting, denying, contradicting, undermining, reflecting, relating to, or concerning each of the legal and factual allegations and requests for relief in your original or amended answer or counterclaims, as well as in any subsequently added or supplemental pleadings in this lawsuit, whether or not the documents or things support or refute such allegations and requests for relief.

**RESPONSE:**

**REQUEST NO. 31:** Any and all documents and things concerning, evidencing, discussing, mentioning, relating to, or referring to this lawsuit, including, but not limited to, any and all witness statements and/or other written or recorded statements, and any summaries thereof.

**RESPONSE:**

**REQUEST NO. 32:** Any and all documents and things concerning, evidencing, discussing, mentioning, relating to, or referring to Plaintiff, including, but not limited to, any and all witness statements and/or other written or recorded statements, and any summaries thereof.

**RESPONSE:**

**REQUEST NO. 33:** Any and all documents, things, contracts, communications, correspondence, and/or notes that concern, refer to, or reflect potential parties to this lawsuit and persons with knowledge or relevant facts.

**RESPONSE:**

**REQUEST NO. 34:** Any and all documents and things concerning, evidencing, discussing, mentioning, relating to, or referring to any correspondence, meetings, or communications between you and any third party regarding this lawsuit.

**RESPONSE:**

**REQUEST NO. 35:** Any and all documents and things concerning, evidencing, discussing, mentioning, relating to, or referring to any correspondence, meetings, or communications between you and any third party regarding Plaintiff.

**RESPONSE:**

**REQUEST NO. 36:** Any and all documents and things concerning, evidencing, discussing, mentioning, relating to, or referring to any correspondence, meetings, or communications between you and any person regarding this lawsuit.

**RESPONSE:**

**REQUEST NO. 37:** Any and all documents and things concerning, evidencing, discussing, mentioning, relating to, or referring to any correspondence, meetings, or communications between you and any person regarding Plaintiff.

**RESPONSE:**

**REQUEST NO. 38**: Any and all documents and things concerning, evidencing, discussing, mentioning, relating to, or referring to any correspondence, meetings, or communications between you and any person on whom a subpoena was or is served in this lawsuit.

**RESPONSE:**

**REQUEST NO. 39:** Any and all documents and things upon which you relied, rely, or may rely on to allege that you have no liability in this lawsuit.

**RESPONSE:**

**REQUEST NO. 40:** Any and all documents and things upon which you relied, rely, or may rely on to allege that you are not obligated to pay damages to Plaintiff in this lawsuit.

**RESPONSE:**

**REQUEST NO. 41:** Any and all documents and things sufficient to describe your policies or practices with respect to retention of, or destruction of, documents, and if such policy or practice has been different with respect to any category of documents, or over different times, documents and things sufficient to identify each such category or time period and to describe your retention policy or practice with respect to each such category or time period.

**RESPONSE:**

**REQUEST NO. 42:** Please produce a copy of all settlement offers made by you to Plaintiff regarding this claim resulting from the incident made the basis of this lawsuit.

**RESPONSE**:

**REQUEST NO. 43:** Please produce a copy of all documents and correspondence between you and Plaintiff's medical providers.

**RESPONSE:**

**REQUEST NO. 44:** Please produce a copy of all documents and correspondence between you and Plaintiff's employers.

**RESPONSE:**

**REQUEST NO. 45:** Please produce a copy of all documents evidencing the fair market value of property that was or is alleged to have been involved in or damaged in the collision of March 28, 2018.

**RESPONSE:**

**REQUEST NO. 46:** Please produce a copy of all documents evidencing the cost to repair property that was or is alleged to have been involved in or damaged in the collision of March 28, 2018.

**RESPONSE:**

**REQUEST NO. 47:** Please produce a copy of all documents evidencing the replacement cost of all property which was or is alleged to have been damaged or destroyed as a result of the collision of March 28, 2018.

**RESPONSE:**

**REQUEST NO. 48:** Please produce a copy of all documents, or other materials used by you to determine the value of or costs to repair or to replace any property that was or is alleged to have been damaged or destroyed as a result of the collision of March 28, 2018.

**RESPONSE:**

**REQUEST NO. 49:** Other than the photographs, videotapes or electric images produced by you in response to any other request, please produce a color copy of any and all photographs, videotapes, electronic images, and/or diagrams which are relevant to any issues raised by the pleadings in this lawsuit.

**RESPONSE:**

**REQUEST NO. 50:** Please produce a copy of all medical, employment, criminal, or insurance records regarding Plaintiff that you have in your possession, custody, or control, regardless of when such records were generated.

**RESPONSE:**

**REQUEST NO. 51:** A copy of all Southwest Index Bureau a/k/a SWIB reports regarding this claim resulting from the incident made the basis of this lawsuit or Plaintiff.

**RESPONSE:**

**REQUEST NO. 52:** A copy of all Examinations Under Oath pertaining to this claim resulting from the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 53:** Please produce a copy of all statements of Plaintiff, as well as any statements of any party to this lawsuit and any person with knowledge of relevant facts, which have not been produced by you in response to Plaintiff's Request for Disclosure.

**RESPONSE:**

**REQUEST NO. 54:** Please produce a copy of any and all estimates, invoices, or other documents pertaining to the cost of damage sustained by all vehicles involved in the collision of March 28, 2018.

**RESPONSE:**

**REQUEST NO. 55:** In the event you contend that any vehicle involved in the occurrence was defective or that the mechanical condition of the vehicle caused or in any way contributed to the cause collision of March 28, 2018, please produce a copy of any and all documents reflecting repair and/or maintenance to such vehicle from one (1) year prior to the incident made the basis of this lawsuit to present as well as all records concerning the alleged defective condition(s) which caused or contributed to the cause of the collision of October 3, 2018.

**RESPONSE:**

**REQUEST NO. 56:** Produce a copy of all documents which form the basis of any contention that Plaintiff was negligent or otherwise caused or contributed to the incident of March 28, 2018 which forms the underlying basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 57:** Produce a copy of all documents which provide a description of any "Jane Doe" or "John Doe," and "Responsible Third Party" if any, whose identity is allegedly unknown but whom you contend caused or contributed to the damages resulting from the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 58:** Produce a copy of all documents which provide a description of the facts, if any, which form the basis of your contentions, if any, that the collision of March 28, 2018 was caused in whole or part by any "Jane Doe" or "John Doe," persons whose identity is allegedly unknown but whom you contend caused or contributed to the damages resulting from the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 59:** In the event the carrier of any pertinent policies has settled any claims of any other person(S) as a result of this occurrence which has or which may reduce the amount of coverages available to compensate Plaintiff, please produce a copy of each settlement agreement or other DOCUMENT reflecting that other claims have been settled or reductions have been taken or may be taken against the amount of policy limits originally available under the policy (s).

**RESPONSE:**

**REQUEST NO. 60:** Please produce a copy of any and all checks paid by or on behalf of you to Plaintiff as a result of the collision of March 28, 2018.

**RESPONSE:**

**REQUEST NO. 61:** Please produce a copy of any and all exhibits, models, visual aid, experiments, documents, or other writings or any item of demonstrative evident that will be used in the trial of this lawsuit.

**RESPONSE:**

**REQUEST NO. 62:** Please produce a copy of the first written notice of this claim resulting from the incident made the basis of this lawsuit received by you.

**RESPONSE:**

**REQUEST NO. 63:** Please produce a copy of all documents and correspondence between you, your employees, agents, or representatives and Plaintiff, or any representative of Plaintiff, regarding this claim resulting from the incident made the basis of this lawsuit from the date when you first received written notice of this claim resulting from the incident made the basis of this lawsuit through the date of the filing of this lawsuit.

**RESPONSE:**

**REQUEST NO. 64:** Pursuant to §542.055 of the Texas Insurance Code, please produce a copy of all written acknowledgments of this claim resulting from the incident made the basis of this lawsuit sent by or on behalf of you to Plaintiff, or any representative of Plaintiff.

**RESPONSE:**

**REQUEST NO. 65:** Pursuant to §542.055 of the Texas Insurance Code, if the acknowledgment of this claim resulting from the incident made the basis of this lawsuit was not made in writing, produce a copy of all documents which you contend make a record of the date, means, and content of the acknowledgment of this claim resulting from the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 66:** Please produce a copy of all documents which, Pursuant to §542.055 of the Texas Insurance Code, evidence when and what investigation was commenced by you regarding this claim resulting from the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 67:** Pursuant to the §542.055 of the Texas Insurance Code, please produce a copy of all documents in which you requested from Plaintiff all items, statements, and forms that you believe would be required from the claimant to process this claim resulting from the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 68:** Produce a copy of all documents in which you contend evidence the date on which you received any or all items, statements, and forms required by you, in order to secure final proof of loss.

**RESPONSE:**

**REQUEST NO. 69:** Pursuant to §542.055 of the Texas Insurance Code, produce a copy of all documents in which you contend you notified Plaintiff in writing of the acceptance or rejection of this claim not later than the fifteenth (15th) business day after the date the insurer received all items, statements, and forms required by you in order to secure final proof of loss.

**RESPONSE:**

**REQUEST NO. 70:** Produce a copy of all documents evidence a rejection of this claim resulting from the incident made the basis of this lawsuit or any portion thereof.

**RESPONSE:**

**REQUEST NO. 71:** If the you contend you have rejected this claim resulting from the incident made the basis of this lawsuit or any portion thereof, produce a copy of all documents which you contend constitute written notice given by you to Plaintiff, or any representative of Plaintiff, which state the reasons for the rejection of this claim resulting from the incident made the basis of this lawsuit or any portion thereof.

**RESPONSE:**

**REQUEST NO. 72:** If you contend you were, or are, unable to accept or reject this claim resulting from the incident made the basis of this lawsuit, produce a copy of all documents in which you notified Plaintiff, or any representative of Plaintiff, of the reasons that you need, or needed, additional time.

**RESPONSE:**

**REQUEST NO. 73:** Pursuant to §545.055 of the Texas Insurance Code, if you contend you were, or are, unable to accept or reject this claim resulting from the incident made the basis of this lawsuit, produce a copy of all documents in which you accepted or rejected this claim resulting from the incident made the basis of this lawsuit not later than the forty-fifth (45th) day after the date on which you notified a claimant of the need for additional time.

**RESPONSE:**

**REQUEST NO. 74:** Produce a copy of all documents in which you contend you notified Plaintiff, or any representative of Plaintiff, that you will pay this claim resulting from the incident made the basis of this lawsuit or part of this claim resulting from the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 75:** If you contend that payment of this claim resulting from the incident made the basis of this lawsuit or part of this claim resulting from the incident made the basis of this lawsuit is or was conditioned on the performance of an act by the Plaintiff, please produce a copy of all documents evidencing or describing the conditions and/or acts required before payment of this claim resulting from the incident made the basis of this lawsuit or part of this claim resulting from the incident made the basis of this lawsuit would or could be made.

**RESPONSE:**

**REQUEST NO. 76:** If you contend you are an "eligible surplus line insurer" as defined by the Texas Insurance Code, produce all documents which evidence your status as an eligible surplus lines insurer.

**RESPONSE:**

**REQUEST NO. 77:** Please produce a copy of all internet pages and internet advertisements and other advertisements used by you in Harris County, Texas to sell insurance products and policies which are the same or substantially similar to the policy issued to Plaintiff during the time that the Insurance Policy was purchased and has been in effect and for the one (1) year period of time immediately prior thereto which make statements regarding:

a) The service insureds can expect from you on claims they make on their policies with you; or

b) Fair treatment of your insureds.

**RESPONSE:**

**REQUEST NO. 78:** Produce a copy of all documents evidencing your net profits in Texas during each of the past two (2) years to present.

**RESPONSE:**

**REQUEST NO. 79:** Produce a copy of all documents evidencing the amount of profits earned by you in Texas during each of the past two (2) years to present by selling auto policies with Uninsured/Underinsured Motorist coverage.

**RESPONSE:**

**REQUEST NO. 80:** For lawsuits filed against you during the past five (5) years within the State of Texas, please produce a copy of the last petition or complaint filed against you for claims which are the same or substantially similar to those of Plaintiff in this lawsuit, including, but not limited to, complaints which allege that you are violating §541.060 of the Texas Insurance Code by:

    a) Refusing, failing, or unreasonably delaying a settlement offer under applicable first-party coverage on the basis that other coverage may be available or that third parties are responsible for the damages suffered, except as may be specifically provided in the policy; or

    b) With respect to a Texas personal automobile insurance policy, delaying, or refusing settlement of a claim solely because there is other insurance of a different kind available to satisfy all or part of the loss forming the basis of that claim.

**RESPONSE:**

**REQUEST NO. 81:** Produce a copy of all records and documents pertaining to suits, other than this lawsuit, in which Plaintiff was or is currently a party.

**RESPONSE:**

**REQUEST NO. 82:** Please produce a copy of all documents which you contend support the basis of your decision to offer less than the medical bills paid or incurred by Plaintiff in settlement of the claims resulting from the incident made the basis of this lawsuit.

**RESPONSE:**

**REQUEST NO. 83:** For each and every expert witness that you have, or will, specially employ in the ordinary course of business (including, without limitation, its agents, representatives, employees, and vice-principals), please produce a copy of the following items in your possession, custody, or control:

    a) All tests, photographs, movies and/or videotapes, films, and/or image-recording films of any nature, diagrams, sketches, graphs, computer-assisted calculations, and recreations and/or models and mock-ups generated by, or provided to, the expert relevant to his/her involvement in the lawsuit and/or relevant to the testimony he/she may give at trial;

    b) Documents concerning monies paid or to be paid to such experts related to this lawsuit;

c) Documents, including correspondence, relating to the date and/or circumstances on which such expert was retained in this lawsuit;

d) Reports and depositions given by such expert in which such expert was retained by you and/or your counsel's law firm, in personal injury cases other than this lawsuit;

e) Any and all correspondence to or from such experts and you and/or your counsel's law firm regarding this lawsuit;

f) All documents, tests, or reports reviewed by such expert in formulating his/her opinion(s) in this lawsuit; and

g) For any consulting expert whose work product has been reviewed by an expert who may testify on your behalf at trial, please similarly provide all the items requested above.

**RESPONSE:**

# EXHIBIT B

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

### INTERROGATORY NO. 1:

Please state, where applicable, the full name, address, telephone number, adjusters' license number with the Texas Department of Insurance, and job title of each person who participated in answering these Interrogatories and indicate which Interrogatories each such person participated in answering.

### ANSWER:

### INTERROGATORY NO. 2:

Did you sell a policy of insurance to Plaintiff, which included underinsured motorist coverage, which was in force and effect on the date of the incident made the basis of this lawsuit? If so, state the following:

    (a) The policy number;

    (b) The full legal name of the company issuing the policy;

    (c) The uninsured/underinsured motorist limits of coverage available to Plaintiff;

    (d) The effective dates of the policy; and,

    (e) The named insured(s) on the uninsured/underinsured motorist coverage.

### ANSWER:

### INTERROGATORY NO. 3:

If you communicated with any person who claims to have witnessed all or any part of the incident made the basis of this lawsuit, for each such communication, state the following:

    (a) The date of the communication;

    (b) The identity of all persons who were present, whom you believe could have heard all or part of the communication; and,

    (c) State the general content of the communication, including what words were spoken by each person involved in the communication.

**ANSWER:**

**INTERROGATORY NO. 4:**

Please state and describe your understanding of how the incident made the basis of this lawsuit happened and the circumstances thereof (including, without limitation, weather conditions, lighting conditions, visibility, etc.), including any and all factual allegations you contend support and/or refute the claims, defenses, and allegations in your answer and/or counterclaims, including as amended and/or supplemented (including your contention, if any, that you are not the proximate cause of Plaintiff (s) injuries or damages and/or that Plaintiff's own contributory negligence, fault, lack of care, inattention to duties, or failure to take ordinary precautions commensurate with her own safety were the cause of Plaintiff(s) injuries or damages), including the source of your understanding and those three (3) persons most knowledgeable regarding your understanding, and including the identity of any witnesses or potential witnesses, including any person who witnessed, or was in the closest proximity to Plaintiff(s), at the time of the incident made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 5:**

Please state and describe any and all conversations, communications, or interactions you, or any of your employees, agents, or representatives, had with Plaintiff or anyone accompanying Plaintiff before, during, and after the incident made the basis of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 6:**

State and describe any and all investigations conduct by you, or on your behalf, into the cause or causes of the incident made the basis of this lawsuit, and identify each and every person conducting said investigation(s), the date(s) on which said investigation(s) were performed, and the persons present during said investigation(s).

**ANSWER:**

**INTERROGATORY NO. 7:**

Do you contend any persons or entities other than those named in the Petition were involved in any manner in the incident made the basis of this lawsuit? If so, state the identity of such persons and/or entities.

**ANSWER:**

**INTERROGATORY NO. 8:**

Pursuant to Rule 192.3(d) of the TEXAS RULES OF CIVIL PROCEDURE, state the full name, address, and telephone number of any person who is expected to be called to testify at trial.

**ANSWER:**

**INTERROGATORY NO. 9:**

Pursuant to Rule 192.3(b) of the TEXAS RULE OF CIVIL PROCEDURE, describe the nature, custody, condition, location, and contents of any documents and tangible things (including papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data, and data compilations) that constitute or contain matters relevant to the subject matter of this lawsuit.

**ANSWER:**

**INTERROGATORY NO. 10:**

Identify any person who is expected to be called to testify at trial, excluding any rebuttal or impeaching witnesses the necessity of whose testimony cannot reasonably be anticipated before trial, including the full name, address, and telephone number or each such person.

**ANSWER:**

**INTERROGATORY NO. 11:**

If you, or any person or entity acting at your request, or on your behalf, obtained, took, or created any photographs, videos, streaming videos, films, movies, digital images, or any other visual reproduction, on or after the incident made the basis of this lawsuit, which depicts or purports to depict any vehicle or person involved in the incident made the basis of this lawsuit, or the area of the incident made the basis of this lawsuit, or which purports to recreate the area of the incident made the basis of this lawsuit, then for each such photograph, video, streaming video, film, movie, digital image, or any other visual reproduction state the following:

    (a) The date the item was allegedly made or created;

    (b) The identity of the person who made or created the item;

    (c) State whether the item is a photograph, video, streaming video, film, movie, digital image, or some other visual reproduction;

       (d) Provide a general statement of what is depicted in the item (e.g., photograph of Plaintiff's vehicle, digital image of accident scene, etc.); and

       (e) The identity of the person or entity who has custody of the item.

**ANSWER:**

## INTERROGATORY NO. 12:

Pursuant to Rule 192.3(j) of the TEXAS RULES OF CIVIL PROCEDURE, if you contend that any of Plaintiff's healthcare was not necessary, or was not a reasonable amount, as a result of the incident made the basis of this lawsuit, provide a general summary of the factual basis for such contention; the identity of all persons whom you rely upon, or may rely upon, for support of such contention; and, the identity of all documents and things you rely, or may rely, upon to support such contention.

**ANSWER:**

## INTERROGATORY NO. 13:

State the full name, address, and telephone number of each person who has made a claim against you and/or your insurance carrier for property damage or personal injuries as a result of the incident made the basis of this lawsuit.

**ANSWER:**

## INTERROGATORY NO. 14:

Identify any and all policies of insurance that may cover the occurrences or claims in question, including excess coverage(s), which were in effect during the relevant time period which did, or may have, insured you against the damages of Plaintiff.

**ANSWER:**

## INTERROGATORY NO. 15:

If you contend that the incident made the basis of this lawsuit, or Plaintiff's injuries or damages allegedly resulting therefrom, were caused by or the result of, in whole or in part, a pre-existing physical condition of Plaintiff, identify each such condition, and state and describe your contention as to how each contributed thereto, including by providing a general summary of the factual basis for such contention; the identity of the persons whom you rely, or may rely, upon to support such contention; and, the identity of the documents and things you rely, or may rely, upon to support such contention.

**ANSWER:**

**INTERROGATORY NO. 16:**

For any response provided by you to a Request for Admission to which you did not respond "Admit" without qualification, please state any and all legal and/or factual bases for such denial and/or qualification to your response.

**ANSWER:**

**INTERROGATORY NO. 17:**

Do you possess any statements (including, but not limited to, witness statements), whether signed or unsigned, written or otherwise, concerning facts relating to the incident made the basis of this lawsuit or the injuries or damages therefrom? If so, identify each person from whom you possess such a statement; state when and where each and every statement or statements were taken; and identify the person who took each such statement and by whom each person was employed at the time such statement was taken.

**ANSWER:**

**INTERROGATORY NO. 18:**

State when, where, and under what circumstances you first became aware that Plaintiff was claiming to have sustained the injuries and/or damages made the basis of this lawsuit.

**ANSWER:**

# EXHIBIT C

## PLAINTIFF'S FIRST REQUESTS FOR ADMISSION TO DEFENDANT

### REQUEST FOR ADMISSION NO. 1:

Admit or deny BERKLEY SOUTHEAST INSURANCE GROUP has been sued in its proper name.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 2:

Admit or deny BERKLEY SOUTHEAST INSURANCE GROUP entered into a contractual agreement to provide uninsured/underinsured motorist coverage to Plaintiff in the event Plaintiff was involved in a collision caused by an uninsured/underinsured motorist.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 3:

Admit or deny Plaintiff's Policy with BERKLEY SOUTHEAST INSURANCE GROUP provided uninsured and underinsured motorist coverage for Plaintiff.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 4:

Admit or deny Plaintiff's Policy with BERKLEY SOUTHEAST INSURANCE GROUP was in force and in effect on March 28, 2018.

### RESPONSE:

### REQUEST FOR ADMISSION NO. 5:

Admit or deny all premiums due on Plaintiff's Policy with BERKLEY SOUTHEAST INSURANCE GROUP were paid timely on or before March 28, 2018.

### RESPONSE:

**REQUEST FOR ADMISSION NO. 6:**

Admit or deny on March 28, 2018, the policy limits for uninsured/underinsured motorist coverage for a single insured on Plaintiff's Policy with BERKLEY SOUTHEAST INSURANCE GROUP was $30,000.00.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 7:**

Admit or deny on March 28, 2018, the policy limits for uninsured/underinsured motorist coverage for a single insured on Plaintiff's Policy with BERKLEY SOUTHEAST INSURANCE GROUP was $50,000.00.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 8:**

Admit or deny on March 28, 2018, the policy limits for uninsured/underinsured motorist coverage for a single insured on Plaintiff's Policy with BERKLEY SOUTHEAST INSURANCE GROUP was $100,000.00.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 9:**

Admit or deny Plaintiff timely notified BERKLEY SOUTHEAST INSURANCE GROUP of a potential uninsured/underinsured motorist claim after the collision on March 28, 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 10:**

Admit or deny BERKLEY SOUTHEAST INSURANCE GROUP has not issued a reservation of rights letter to Plaintiff pertaining to the underinsured motorist claims Plaintiff made after the collision of March 28, 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 11:**

Admit or deny on March 28, 2018, Plaintiff was involved in a motor vehicle collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 12:**

Admit or deny the driver involved in the collision of March 28, 2018 who was responsible for causing the collision was the underinsured motorist.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 13:**

Admit or deny the collision of March 28, 2018 was a rear-end collision.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 14:**

Admit or deny nothing Plaintiff did proximately caused or contributed to the collision of March 28, 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 15:**

Admit or deny Plaintiff suffered some injuries as a result of the collision of March 28, 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 16:**

Plaintiff was wearing a seatbelt at the time of the collision of March 28, 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 17:**

Admit or deny the underinsured motorist's negligence was a proximate cause of the collision of March 28, 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 18:**

Admit or deny Plaintiff did not commit any act or omission of negligence that was a proximate cause of the collision of March 28, 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 19:**

Admit or deny Plaintiff was not negligent at the time of the collision of March 28, 2018.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 20:**

Admit or deny as a result of the injuries received in the collision of March 28, 2018, Plaintiff experienced physical pain.

**RESPONSE:**

**REQUEST FOR ADMISSION NO. 21:**

Admit or deny as a result of the injuries received in the collision of March 28, 2018, Plaintiff experienced emotional anguish.

**RESPONSE:**